Paul E. Smith, Cal. Bar No. 216644
LAW OFFICES OF PAUL E. SMITH
16870 West Bernardo Dr., Suite 400
San Diego, California 92127
Telephone: (858) 679-3396
Facsimile: (858) 630-4947
psmith@paulsmithlaw.com

Attorney for Plaintiff
DIANE NELSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Diane Nelson, | ) Case No.:  CV10-02699 JF |
| Plaintiff, | ) FIRST AMENDED COMPLAINT |
| v. | ) |
| Midland Funding LLC; Hunt & Henriques, | ) |
| Attorneys at Law; Michael S. Hunt; Janalie | ) |
| Henriques; | ) |
| Defendants. | ) |

**PRELIMINARY STATEMENT**

1.      This is an action for actual and statutory damages plus costs and attorney fees brought by an individual consumer for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter, "Rosenthal Act"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

- 1 -

**JURISDICTION AND VENUE**

2.     The jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

3.     Plaintiff Diane Nelson (hereinafter, "Plaintiff") is a natural person and resident of Mountain View, California.

4.     Upon information and belief, Defendant Midland Funding LLC ("Midland") is a Delaware corporation with its principal place of business in San Diego, California.  Upon information and belief, Midland regularly conducts business in California, including the counties that comprise the federal court system's Northern District of California.

5.     Upon information and belief, Defendant Hunt & Henriques, Attorneys at Law ("H&H") is an unknown entity with its principal place of business in San Jose, California.

6.     Defendant Michael S. Hunt ("Hunt") is a natural person and, upon information and belief, resides in one of the counties that comprise the federal court system's Northern District of California.  Upon information and belief, Collins regularly conducts business in the counties that comprise the federal court system's Central District of California.

7.     Defendant Janalie Henriques ("Henriques") is a natural person and, upon information and belief, resides in one of the counties that comprise the federal court system's Northern District of California.  Upon information and belief, Collins regularly conducts business in the counties that comprise the federal court system's Central District of California.

8.     The claims upon which this action is based arose in Santa Clara County, California.

9.     Upon information and belief, at all relevant times mentioned herein, each of the Defendants and Defendants' employees was the agent and/or employee of one or more of the other named Defendants, and in doing the things alleged were acting within

FIRST AMENDED COMPLAINT

the course and scope of such agency and/or employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the other Defendants.  All relevant actions of each of the Defendants and Defendants' employees were ratified and approved by the other named Defendants.

## FACTS

10.     On or about October 14, 2010, Defendants filed a collections lawsuit against Plaintiff in the Superior Court of California, County of Santa Clara, case number 109CV154817 ("Collections Lawsuit").

11.     In the Collections Lawsuit, Defendants falsely stated that Plaintiff had become indebted to Midland or its predecessor in interest within the last four years on an open book account.

12.     In the Collections Lawsuit, Defendants falsely stated that Plaintiff had become indebted to Midland or its predecessor in interest within the last four years for an account stated.

13.     In the Collections Lawsuit, Defendants falsely stated that Plaintiff had become indebted to Midland or its predecessor in interest within the last four years for goods, wares, and merchandise sold and delivered.

14.     In the Collections Lawsuit, Defendants falsely stated that Plaintiff had become indebted to Midland or its predecessor in interest within the last four years for money lent by Midland or its predecessor in interest to Plaintiff.

15.     In the Collections Lawsuit, Defendants falsely stated that Plaintiff had become indebted to Midland or its predecessor in interest within the last four years for unjust enrichment.

16.     On or about November 25, 2009, Defendants sent a collection letter to Plaintiff that falsely stated, "As you are aware, your obligation to Midland Funding LLC has been referred to our office for collection."

17.     On or about December 6, 2009, Defendants caused Plaintiff to be served with a Summons and Complaint in relation to the Collections Lawsuit.

- 3 -

18.    On or about January 4, 2010, Plaintiff filed an Answer in the Collections Lawsuit.

19.    On or about January 18, 2010, Plaintiff served written discovery requests on Defendants in relation to the Collections Lawsuit.  Defendants never served responses to these requests.

20.    On or about April 7, 2010, Defendants requested dismissal of the Collections Lawsuit without prejudice.

21.    The Collections Lawsuit was barred by the applicable statute of limitations.

22.    As a direct and proximate result of Defendants' actions, Plaintiff suffered actual damages including, but not limited to, financial harm, loss of productivity, anxiety, indignation, irritability, nervousness, fear, worry, loss of happiness, headaches, loss of sleep, insomnia, nausea, stress, and anger.

## FIRST CLAIM FOR RELIEF

## Violations of Federal Fair Debt Collection Practices Act

## (Against All Defendants)

23.    Plaintiff realleges and incorporates paragraphs 1 through 22 above as if fully set out herein.

24.    Plaintiff is a "consumer" within the meaning of the FDCPA.

25.    Defendants are "debt collectors" within the meaning of the FDCPA.

26.    Defendants alleged that Plaintiff owed a "debt" within the meaning of the FDCPA.

27.    Defendants violated the FDCPA, 15 U.S.C. §1692g, by failing to send Plaintiff a validation notice within five days of the initial communication.

28.    Defendants violated the FDCPA, 15 U.S.C. §1692e(2), by giving a false impression of the character, amount, or legal status of the alleged debt in a communication.

29.    Defendants violated the FDCPA, 15 U.S.C. §1692e(4), by giving the impression that nonpayment of the alleged debt would result in the seizure, garnishment,

- 4 -

FIRST AMENDED COMPLAINT

attachment, or sale of any property or wages when such action would have been unlawful and when Defendants did not intend to take such action.

30.     Defendants violated the FDCPA, 15 U.S.C. §1692e(5), by threatening to take an action that could not legally be taken and/or that was not intended to be taken.

31.     Defendants violated the FDCPA, 15 U.S.C. §1692e preface and e(10), by using false, deceptive, or misleading representations or means in connection with attempted collection of the alleged debt.

32.     Defendant violated the FDCPA, 15 U.S.C. §1692f(1), by attempting to collect an amount not authorized by the agreement creating the debt or that was not permitted by law.

33.     Defendant violated the FDCPA, 15 U.S.C. §1692f, by using unfair or unconscionable means to collect or attempt to collect the alleged debt.

34.     Defendant violated the FDCPA, 15 U.S.C. §1692d, by engaging in conduct the natural consequence of which was to harass, oppress, and/or abuse in connection with attempted collection of the alleged debt.

35.     As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, costs, and attorney fees.

**SECOND CLAIM FOR RELIEF**

**Violations of California Fair Debt Collection Practices Act**

**(Against Midland and H&H)**

36.     Plaintiff realleges and incorporates paragraphs 1 through 35 above as if fully set out herein.

37.     Plaintiff is a "debtor" within the meaning of the Rosenthal Act.

38.     Midland and H&H are "debt collectors" within the meaning of the Rosenthal Act.

39.     Midland and H&H alleged a "debt" to be owed by Plaintiff within the meaning of the Rosenthal Act.

- 5 -

40. Each and every violation of the FDCPA as described herein is a violation of the Rosenthal Act, Cal. Civ. Code §1788.17.

41. As a result of the above violations of the Rosenthal Act, Midland and H&H are liable to Plaintiff for Plaintiff's actual damages, statutory damages, costs, and attorney fees.

WHEREFORE, Plaintiff respectfully pray that judgment be entered against Defendants for the following:

A. Actual damages of at least $50,000;

B. Statutory damages pursuant to 15 U.S.C. §1692k in the amount of $1,000 per violation of the FDCPA;

C. Statutory damages pursuant to Cal. Civ. Code §1788.30(b) in the amount of $1,000 per violation of the Rosenthal Act;

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k and Cal. Civ. Code §1788.30(c);

E. For such other and further relief as may be just and proper.


Dated: September 13, 2010          LAW OFFICES OF PAUL E. SMITH


                                   By: _____/s/_____
                                            PAUL E. SMITH
                                            Attorney for Plaintiff
                                            DIANE NELSON