TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
ARVIN C. LUGAY (SBN 242599)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile: (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com
alugay@snllp.com

Attorneys for Defendants
Midland Funding LLC, Hunt & Henriques,
Michael S. Hunt, and Janalie Henriques

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE NELSON,<br><br>Plaintiff,<br><br>vs.<br><br>MIDLAND FUNDING LLC; HUNT & HENRIQUES, ATTORNEYS AT LAW; MICHAEL S. HUNT; JANALIE HENRIQUES<br><br>Defendants. | CASE NO.: CV10-02699 JF<br><br>**ANSWER OF DEFENDANTS TO FIRST AMENDED COMPLAINT** |

Defendants MIDLAND FUNDING, LLC ("Midland"), HUNT & HENRIQUES, MICHAEL S. HUNT ("Mr. Hunt") and JANALIE HENRIQUES ("Ms. Henriques") hereby submit the following Answer to the First Amended Complaint ("Complaint") filed in this action by plaintiff DIANE NELSON ("Plaintiff"):

1. In answering Paragraph 1 of the Complaint, Defendants admit that Plaintiff alleges that this is an action brought by an individual pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*. (the "Rosenthal Act"), the contents of both of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2. In answering Paragraph 2 of the Complaint, Defendants admit that Plaintiff alleges that the jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. Admitted, on information and belief.

4. In answering Paragraph 4 of the Complaint, Defendants admit that Midland is a Delaware limited liability company with it principal place of business in San Diego, California. Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5. In answering Paragraph 5 of the Complaint, Defendants admit that Hunt & Henriques is a California partnership with its principal place of business in San Jose, California. Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6. In answering Paragraph 6 of the Complaint, Defendants admit that Mr. Hunt is a natural person and a resident of the Northern District of California. Defendants lack sufficient knowledge to form a belief as to whether "Collins

regularly conducts business in the counties that comprise the federal court system's Central District of California" and on that basis, deny the allegation. Except as herein admitted, the remaining allegations of Paragraph 6 are denied.

7. In answering Paragraph 7 of the Complaint, Defendants admit that Ms. Henriques is a natural person and a resident of the Northern District of California. Defendants lack sufficient knowledge to form a belief as to whether "Collins regularly conducts business in the counties that comprise the federal court system's Central District of California" and on that basis, deny the allegation. Except as herein admitted, the remaining allegations of Paragraph 7 are denied.

8. Denied.

9. Denied.

10. In answering Paragraph 10 of the Complaint, Defendants admit that Mr. Hunt, Ms. Henriques and Hunt & Henriques caused a complaint to be filed against Plaintiff on behalf of Midland, under case number 109CV154817 in the Superior Court of California, County of Santa Clara (the "Collection Complaint"). Except as herein admitted, the remaining allegations of Paragraph 10 are denied.

11. In answering Paragraph 11 of the Complaint, Defendants admit that the contents of the Collection Complaint are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 11 are denied.

12. In answering Paragraph 12 of the Complaint, Defendants admit that the contents of the Collection Complaint are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 12 are denied.

13. In answering Paragraph 13 of the Complaint, Defendants admit that the contents of the Collection Complaint are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 13 are denied.

14. In answering Paragraph 14 of the Complaint, Defendants admit that the contents of the Collection Complaint are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 14 are denied.

15. In answering Paragraph 15 of the Complaint, Defendants admit that the contents of the Collection Complaint are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 15 are denied.

16. In answering Paragraph 16 of the Complaint, Defendants admit that Hunt & Henriques sent a letter to Plaintiff dated November 25, 2009, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 16 are denied.

17. In answering Paragraph 17 of the Complaint, Defendants admit that Hunt & Henriques retained a process server who caused the summons and complaint to be served in the collection lawsuit. Except as herein admitted, the remaining allegations of Paragraph 17 are denied.

18. Admitted.

19. In answering Paragraph 19 of the Complaint, Defendants admit that Plaintiff served written discovery in the underlying collection action on Midland and that Midland did not serve responses to the discovery requests. Defendants presently lack sufficient knowledge to form a belief as to whether the discovery was served on or about January 18, 2010 and on that basis, deny the allegation. Except as herein admitted, the remaining allegations of Paragraph 19 are denied.

20. In answering Paragraph 20 of the Complaint, Defendants admit that Hunt & Henriques caused a request for dismissal without prejudice of the Collection Complaint to be filed on or about April 7, 2010. Except as herein admitted, the remaining allegations of Paragraph 20 are denied.

21. Denied.

22. Denied.

23. Defendants incorporate by reference paragraphs 1 through 22 above as if fully set forth herein.

24. In answering Paragraph 24 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "'consumer' within the meaning of the FDCPA." Except as herein admitted, the remaining allegations of Paragraph 24 are denied.

25. In answering Paragraph 25 of the Complaint, Defendants admit that Hunt & Henriques, Mr. Hunt and Ms. Henriques have, at times, acted as "'debt collectors' within the meaning of the FDCPA." Except as herein admitted, the remaining allegations of Paragraph 25 are denied.

26. In answering Paragraph 26 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether it qualifies as a "'debt' within the meaning of the FDCPA." Except as herein admitted, the remaining allegations of Paragraph 26 are denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Defendants incorporate by reference paragraphs 1 through 35 above as if fully stated herein.

37. In answering Paragraph 37 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "'debtor' within the meaning of the Rosenthal Act." Except as herein admitted, the remaining allegations of Paragraph 37 are denied.

38. Denied.

39. In answering Paragraph 39 of the Complaint, Defendants admit that they "alleged a 'debt' to be owed by Plaintiff" within the meaning of section 1788.2(d) of the Rosenthal Act. Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether it qualifies as a "consumer debt" to be owed by Plaintiff within the meaning of section 1788.2(f) of the Rosenthal Act. Except as herein admitted, the remaining allegations of Paragraph 39 are denied.

40. Denied.

41. Denied.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendants upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations/Laches)**

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

**(Bona Fide Error)**

To the extent that any violation of law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid any such error.

**FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Wilful Conduct)**

Defendants acted in good faith at all times in their dealings with Plaintiff, and if any conduct by Defendants is found to be unlawful, which Defendants expressly deny, such conduct was not willful and should not give rise to liability.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based upon her own conduct and admissions with respect to the financial obligation at issue.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Defendants have at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

**NINTH AFFIRMATIVE DEFENSE**

**(Apportionment)**

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendants. The liability, if any exists, of all defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendants should be reduced accordingly.

**TENTH AFFIRMATIVE DEFENSE**

**(Supervening Cause)**

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendants had or have no control.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Equitable Indemnity)**

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Setoff)**

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are, on information and belief, entitled to a setoff in the amount Plaintiff owes to Midland on her unpaid account, including any recoverable interest and attorneys' fees.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Litigation Privilege)**

The actions of Defendants complained of in the Complaint constitute communications that were made in good faith and in anticipation of or in connection with ongoing litigation and Plaintiff's claims are therefore barred, in whole or in part, by the California litigation privilege and/or the *Noerr-Pennington Doctrine*.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Not a Debt Collector)**

Midland is not a "debt collector" as defined by the FDCPA or the Rosenthal Act. Hunt & Henriques, a law firm, is not a "debt collector" as defined by the Rosenthal Act.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(First Amendment)**

Defendants' conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of provisions of the FDCPA must be rejected as it would place an unreasonable restraint upon Defendants' First Amendment rights, thereby raising serious constitutional issues.

WHEREFORE, Defendants request judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.
2. That Defendants recover from Plaintiff their costs according to proof.
3. That Defendants recover their attorneys' fees according to proof.
4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: October 5, 2010

SIMMONDS & NARITA LLP
TOMIO B. NARITA
JEFFREY A. TOPOR
ARVIN C. LUGAY

By: s/Arvin C. Lugay
Arvin C. Lugay
Attorneys for defendants
Midland Funding LLC,
Hunt & Henriques, Michael S. Hunt,
and Janalie Henriques