UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIANE NELSON, | Case No.: 10-CV-02699 EJD |
| Plaintiff, | **ORDER DENYING MOTION FOR ORDER AWARDING SANCTIONS** |
| v. | |
| MIDLAND FUNDING LLC; HUNT & HENRIQUES, ATTORNEYS AT LAW; MICHAEL S. HUNT; JANALIE HENRIQUES | **(Re: Docket No. 40)** |
| Defendants. | |

Pending before the court is Defendant Midland Funding LLC's ("Midland"); Defendant Hunt & Henriques, Attorneys at Law's; Defendant Michael S. Hunt's; and Defendant Janalie Henriques's (collectively "Defendants") motion for order awarding sanctions. See Docket No. 40. Defendants argue that Diane Nelson's ("Nelson") attorney, Paul Smith ("Smith"), knowingly or recklessly filed and pursued the underlying action against Defendants without any factual basis or legal support for the improper purpose of needlessly increasing the cost of litigation. The court finds this motion appropriate for determination without oral argument. See Civil L.R. 7-1(b). The hearing scheduled for June 8, 2012 is VACATED. For the reasons discussed below, the motion is DENIED.

1

## I. BACKGROUND

On October 14, 2009, Defendants filed a collection lawsuit against Nelson in the Superior Court of California, County of Santa Clara, case number 1-09-CV-154817 (the "Collection Lawsuit"). First Am. Compl. ("FAC") ¶ 10, Docket No. 12. The complaint in the Collection Lawsuit stated that Nelson had become indebted to Midland or its predecessor in interest, and sought to collect a Citibank credit card account ending in 8433 ("Account"). See Narita Decl. ¶ 17, Docket No. 40-1. On April 4, 2010, Defendants dismissed the Collection Lawsuit voluntarily. See Smith Decl. ¶ 4, Docket No. 41-1.

On June 21, 2010, Nelson, represented by Smith, filed this action. See Docket No. 1. Nelson filed the FAC on September 13, 2010. See FAC, Docket No. 12. In the FAC, Nelson asserted that the Collection Lawsuit was barred by the four-year statute of limitations period and therefore Defendants had violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and California Civil Code § 1788.17 by filing the Collection Lawsuit. See id. ¶ 1, 21.

On October 12, 2010, Defendants re-filed the collection action against Nelson in the Superior Court of California, County of Santa Clara, case number 1-10-CV-184643 (the "Second Collection Lawsuit"). Narita Decl. ¶ 18. The complaint in the Second Collection Lawsuit included a copy of an account statement indicating that Nelson made her most recent payment on the Account on October 13, 2006. Id. This statement supported Defendants' assertion that the Collection Lawsuit was filed within the four-year limitations period. See id. Ex. G.

On November 23, 2010, Defendants sent Nelson a copy of the complaint in the Second Collection Lawsuit including the Citibank account statement reflecting the October 13, 2006 payment on the Account. Smith Decl. ¶ 7. On December 4, 2010, via email, Smith acknowledged the statement and asked Defendants for any additional evidence of the October 13, 2006 payment, "so that [Smith could] investigate and avoid unnecessary fees and costs for both parties." Narita Decl. ¶ 20. Also on December 4, 2010, Smith served Midland with requests for admission, interrogatories, and requests for document production. Id. ¶ 21.

On December 8, 2010, Smith asked for an additional thirty days to respond to the written discovery requests Defendants had served on November 5, 2010. Smith requested the extension in

2

order to "figure out this October 2006 payment situation[.]" Id. ¶ 19, 22. Defendants denied Smith's request. Id.

On December 14, 2010, Smith notified Defendants of Nelson's intention to dismiss the action without prejudice. Defendants, however, refused to stipulate to dismissal without prejudice and offered to stipulate to dismiss with prejudice. Id. ¶ 23, Ex. L. On December 15, 2010, Smith sent an email to Defendants, and the mediator assigned to this case, stating his refusal to stipulate to dismiss this case with prejudice. Id. ¶ 24.

On December 23, 2010, Defendants sent an email to Smith regarding his failure to serve timely responses to Midland's written discovery requests. Id. ¶ 25. On January 6, 2011, Midland served its responses to Nelson's discovery requests. Id. ¶ 26.

On January 21, 2011, Smith notified Defendants via email of Nelson's intention to file a Motion to Dismiss Without Prejudice by the close of business that day. Id. ¶ 27. No motion was filed. On January 26, 2011, January 29, 2011, February 21, 2011, March 25, 2011, April 21, 2011, and May 8, 2011, Defendants contacted Smith via email regarding the motion to dismiss. Id. ¶ 28. Smith continued to express his intention to file the motion, but it was never filed. Id. On April 22, 2011, at a case management conference before Judge Jeremy Fogel, Smith represented to the court that he would file a motion to dismiss but again failed to do so. Defs.' Mot. 5:24-5:26; see Pl.'s Opp'n 4:7-4:8.

On August 12, 2011, Judge Fogel held a further case management conference. Counsel for Defendants was present, but Smith failed to appear. See Docket No. 37. On August 22, 2011, Judge Fogel issued an Order to Show Cause re: Dismissal and set a hearing on September 16, 2011. See Order To Show Cause Re: Dismissal, Docket No. 38. Judge Fogel ordered that if Smith failed to demonstrate why the case should not be dismissed, the action would be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). See id.

On September 16, 2011, at the Order to Show Cause hearing, no appearance was made by either side. See Minute Entry, Docket No. 39. Judge Fogel ordered that the case be dismissed for lack of prosecution. Id. On September 22, 2011, the court closed the case.

3

Case No.: 10-CV-02699 EJD
ORDER DENYING MOTION FOR ORDER AWARDING SANCTIONS

On January 19, 2012, Defendants filed this Motion for Order Awarding Sanctions. See Docket No. 40.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1927 "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Because [28 U.S.C. § 1927] authorizes sanctions only for the multiplication of proceedings, it applies only to unnecessary filings and tactics once a lawsuit has begun. . . . § 1927 cannot be applied to an initial pleading." In re Keegan Management Co., Sec. Litig., 78 F.3d 431, 435 (9th Cir. 1996) (citations and internal quotation marks omitted). Whether to award sanctions under § 1927 is within the court's discretion. Baricevic v. Cal-Western Reconveyance Corp., No. 3:11-CV-00166-JO, 2011 WL 5358667, at *1 (D.Or. Nov. 3, 2011).

Additionally, this court may issue sanctions under its inherent power, but only upon a showing of bad faith. See Chambers v. NASCO, Inc., 501 U.S. 32, 43–46 (1991); See also Mendez v. County of San Bernardino, 540 F.3d 1109, 1130–33 (9th Cir. 2008) (vacating sanction order imposed under district court's inherent powers where the court did not make a bad faith finding before imposing sanctions and the record did not support such a finding); Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001) (noting that Chambers used "'bad faith' as a shorthand term to encompass a broad range of conduct in observing that a party may 'show[ ] bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order'" (quoting Chambers 501 U.S. at 46)); Toon v. Wackenhut Corrections Corp., 250 F.3d 950, 952 (5th Cir. 2001) ("The court must make a specific finding of bad faith" in order to issue sanctions under its inherent powers.).

## III. DISCUSSION

Initially, Defendants argue that Smith should be held responsible for the attorneys' fees and costs incurred by Defendants because Smith did not adequately investigate Nelson's claims prior to filing the complaint. Smith argues that he brought this action based on a good faith belief that Defendants filed a state court collection lawsuit after the statute of limitations period had expired. Smith argues that his belief was based on Nelson's examination of her records and her memory,

4

Case No.: 10-CV-02699 EJD
ORDER DENYING MOTION FOR ORDER AWARDING SANCTIONS

including her check register. Nelson had found no payments to Citibank or any similarly titled entities after June of 2005, indicating the Collection Lawsuit was barred by the applicable statute of limitations. See Smith Decl. ¶ 5. Additionally, Smith relied on the fact that Defendants dismissed the initial Collection Lawsuit rather than respond to discovery requests regarding the statute of limitations. See id. ¶ 6. Defendants have not cited any authority in support of their claim that Smith was required to perform further inquiry in advance of bringing the action, much less that Smith's failure to do so warrants sanctions.

Additionally, Defendants argue that Smith continued the case long after he had conceded that he had no basis to support the claim that the Collection Lawsuit was barred by the applicable statute of limitations period of four years. Defendants further argue that after Smith received Defendants' discovery responses in January 2011, Smith knew there was no evidence to support the claim, but Smith "pressed on." Defs.' Mot. 8:17-8:19. Specifically, Smith refused to stipulate to a dismissal with prejudice, and, despite his stated intention to file a motion to dismiss without prejudice, he failed do so. Id. 8:19-8:24.

Smith argues that Defendants prolonged the case by refusing to stipulate to dismiss without prejudice. Smith also argues that contrary to Defendants' representation that he pressed on in litigating the case, he took no further action to prosecute the case and even informed the court of his intention to dismiss. As a result of Smith's inaction, the court dismissed the case without prejudice without further action by either party.

Defendants have failed to cite any authority to support its argument that Smith was required to voluntarily dismiss with prejudice or more promptly file a motion to dismiss without prejudice after learning of the October 13, 2006 Account payment, much less that his failure to do so is sanctionable. Furthermore, Defendants have not provided any evidence that Smith's failure to promptly voluntarily dismiss the action caused Defendants to incur any additional expenses. During the period between December 4, 2010, when Smith acknowledge the October 13, 2006 statement, and September 16, 2011, when Judge Fogel dismissed the case for failure to prosecute, the only actions that Defendants allege they took were to respond to outstanding discovery

5
Case No.: 10-CV-02699 EJD
ORDER DENYING MOTION FOR ORDER AWARDING SANCTIONS

requests[1] on January 6, 2011 and to email Smith regarding the timing of the motion. Thus, Defendants have submitted insufficient evidence for the court to conclude that Defendants reasonably incurred any excess costs, expenses or attorneys' fees because of Smith's delay in dismissing the case.

For the above stated reasons, sanctions are not appropriate under 28 U.S.C. § 1927 or the court's inherent powers.

### IV. CONCLUSION

IT IS HEREBY ORDERED that Motion for Order Awarding Sanctions is DENIED.

Dated: June 7, 2012

EDWARD J. DAVILA
United States District Judge

---

[1] Although Defendants claim that Smith refused to grant them an extension to respond to these requests, the evidence Defendants have submitted to the court indicates that Defendants refused Smith an extension. See Narita Decl. ¶ 22, Ex. K. Nothing in the record reflects that Defendants sought to extend or otherwise avoid the expense of responding to the outstanding discovery requests.